IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALGERNON C. PERKINS,<br><br>    Defendant. | Case No. 3:18-CR-30166-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a pro se motion by Defendant Algernon C. Perkins requesting a sentence reduction under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 72). Perkins contends that his sentence should be reduced because he received two criminal history points at sentencing for committing the offense of conviction while under a criminal justice sentence. *Id.* The Federal Public Defender (FPD) has reviewed Perkins's claim and determined that he is not entitled to relief under Amendment 821. The FPD thus filed a motion to withdraw as counsel. (Doc. 74). For the following reasons, the Court agrees with the FPD's determination that Perkins is not entitled to a sentence reduction.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice

sentence receives one status point. A defendant who has six or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. These changes apply retroactively. *See* U.S.S.G. § 1B1.10(e)(2).

Here, Perkins was sentenced to a total term of 216 months in October 2019, before Amendment 821 went into effect. (Doc. 53). Because he committed the instant offense while serving two separate terms of parole, Perkins received two status points under Section 4A1.1(d), as was required at the time. (Doc. 49 at ¶ 63). Amendment 821 reduces this enhancement from two status points to one. *See* U.S.S.G. § 4A1.1(e). Perkins's criminal history category of VI, however, is unaffected by this reduction because his total criminal history point calculation is only reduced from 15 to 14 and thus is still within category VI. Accordingly, the Court finds that he is ineligible for a sentence reduction.

For these reasons, Perkins's request for a sentence reduction under Amendment 821 (Doc. 72) is **DENIED**. The FPD's Motion to Withdraw as counsel of record (Doc. 74) is **GRANTED**.

IT IS SO ORDERED.

DATED: October 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**